UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL FOREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV258-DJS |
| | ) |
| BARNES JEWISH HOSPITAL and | ) |
| PATRICK BARNES, | ) |
| | ) |
| Defendants. | ) |
| ------------------------------- | ) |
| DARNELL FOREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1540-DJS |
| | ) |
| BARNES JEWISH HOSPITAL | ) |
| PATRICK BARNES, GENELDA | ) |
| CORNELISON, and HUMAN | ) |
| RESOURCE DEPARTMENT (MARY | ) |
| ARNOLD), | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Now before the Court is defendants' motion to consolidate two actions. The first is styled Darnell Forest v. Barnes Jewish Hospital and Patrick Barnes, Case No. 4:07CV258-DJS. The amended complaint [Case No. 4:07CV258-DJS, Doc. #35] asserts claims of retaliatory discharge, failure to promote, and disparate training pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and the Age

Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 621 et seq.[1]

The second action, styled <u>Darnell Forest v. Barnes Jewish Hospital, Patrick Barnes, Genelda Cornelison, and Human Resource Department (Mary Arnold)</u>, Case No. 4:07CV1540-DJS, was first filed in the Circuit Court of St. Louis, Missouri. The petition [Case No. 4:07CV1540-DJS, Doc. #1] asserts claims of employment discrimination pursuant to 42 U.S.C. § 1981, Title VII, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 et seq. Because the second action contains matters of federal law, it was properly removed to this Court.

Defendants argue that both actions involve the same questions of law and fact and that, in order to avoid unnecessary costs and delays, the Court should grant the motion to consolidate the two actions. However, the motion to consolidate is opposed by plaintiff Darnell Forest ("Forest"). [<u>See</u> Case No. 4:07CV258-DJS, Doc. #42]. He asserts that defendants have "asked this court to consolidate...not because of related issues, but, because, MHR Act (Missouri Human Rights Act) plain and unambiguous language within the definition of 'employer' under the act imposes individual liability in the event of discriminatory conduct." [<u>Id.</u> at 1]. He asks the Court to deny defendants' motion to consolidate; to

---

[1]The initial complaint [Case No. 4:07CV258-DJS, Doc. #1] asserted claims against Barnes Jewish Hospital and Patrick Barnes. However, Patrick Barnes filed a motion to dismiss all claims against him, and that motion was granted. [<u>See</u> Case No. 4:07CV258-DJS, Doc. #18]. It is noted that while Patrick Barnes is included in the caption of the amended complaint, plaintiff does not include any claims against Patrick Barnes in the body of the amended complaint.

refrain from exercising supplemental jurisdiction over his state law claims; and to remand the second action to the Circuit Court of St. Louis, Missouri.

Pursuant to 28 U.S.C. § 1367, a district court has supplemental jurisdiction over claims that do not in and of themselves provide original jurisdiction, but "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Claims "within the action are part of the same case or controversy if they 'derive from a common nucleus of operative facts,'" Myers v. Richland County, 429 F.3d 740, 746 (8th Cir. 2005) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)), and would therefore be expected to be tried in the same judicial proceeding, Gibbs, 383 U.S. at 725. A court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law; if the claim substantially predominates over the claim that provides the court original jurisdiction; the court has dismissed all claims over which it had original jurisdiction; or for other exceptional circumstances. See 28 U.S.C. § 1367.

In this case, all of Forest's claims derive from a common nucleus of operative facts — i.e., the circumstances of Forest's employment with Barnes Jewish Hospital — and, as such, are claims that would ordinarily be expected to be tried in one judicial proceeding. Further, there are no exceptional reasons why this

Court should not exercise supplemental jurisdiction over Forest's state law claims.

Pursuant to Fed.R.Civ.P. 42, a court may order a consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Fed.R.Civ.P. 42(a); see E.D.Mo. L.R. 4.03. In this instance, both actions involve similar questions of law. Additionally, the actions are likely to involve similar questions of fact given that they both involve similar parties and similar alleged circumstances. Furthermore, the convenience of the parties and the interests of justice are better served by consolidating the two cases, thus eliminating duplicative filings, depositions, motions, etc.

Rather than attempt to merge two separate cases, the Court's preference in circumstances such as these is to effect the consolidation by means of the filing of an amended complaint in the lower-numbered case which incorporates all federal and state claims and allegations of both existing pleadings. Thereafter, the higher-numbered case can be dismissed without prejudice, and the lower-numbered action will then function as the consolidated proceeding. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to consolidate [4:07CV258-DJS, Doc. #41] is granted.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended consolidated complaint in Case No. 4:07CV258-DJS within ten (10) days of the filing of this order. That second amended consolidated complaint shall incorporate all federal and state

claims and allegations of both existing pleadings.  Thereafter, Case No. 4:07CV1540-DJS will be dismissed without prejudice to the proceedings in Case No. 4:07CV258-DJS.

Dated this __26th__ day of September, 2007.


　　　　　　　　　　　　　　　　　/s/Donald J. Stohr_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE